# EXHIBIT 1

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

Approved, SCAO

| | | | |
|---|---|---|---|
| | | 1st copy - Defendant | 2nd copy - Plaintiff |
| | | | 3rd copy - Return |

| STATE OF MICHIGAN | | SUMMONS | CASE NO. |
|---|---|---|---|
| 6th JUDICIAL DISTRICT | | | 24- 2024-210324-CD |
| Oakland JUDICIAL CIRCUIT COUNTY | | | Hon. JUDGE DANIEL P. O'BRIEN |

**Court address**
1200 N. Telegraph Road, Ste. 404, Pontiac, MI 48341

**Court telephone no.**
(248) 858-0344

**Plaintiff's name, address, and telephone no.**
Antonio Amormino

v

**Defendant's name, address, and telephone no.**
LNW Gaming, Inc., d/b/a Light & Wonder,
Light and Wonder International, Inc., Light & Wonder, Inc.

**Plaintiff's attorney, bar no., address, and telephone no.**
Nichole A. Omilion (P86380)
Jonathan R. Marko (P72450)
Marko Law, PLLC, 220 W. Congress, 4th FL
Detroit, MI 48226
(313) 777-7529

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/14/2024 | 01/13/2025 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED Received for Filing Oakland County Clerk 10/14/2024 10:40 AM

**Summons**  (3/23)                                                                                                       Case No. 24-_____

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                            Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ANTONIO AMORMINO,

        Plaintiff,

2024-210324-CD

Case No. 24-    -CD
Honorable   JUDGE DANIEL P. O'BRIEN

-V-

LNW GAMING, INC.
D/B/A LIGHT & WONDER,
LIGHT AND WONDER
INTERNATIONAL, INC.,
LIGHT & WONDER, INC.,

        Defendant.
_____

NICHOLE OMILION (P86380)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
Attorneys for Plaintiff
220 W Congress, Fourth Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 470-2011
nichole@markolaw.com
_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

**COMPLAINT**

NOW COMES the above-named Plaintiff, ANTONIO AMORMINO, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Antonio Amormino is a male residing in the County of Macomb, State of Michigan.

2. Defendant LNW Gaming Inc., is a foreign profit corporation conducting business in the County of Oakland, State of Michigan.

3. Defendant Light & Wonder, Inc., is a foreign profit corporation conducting business in the County of Oakland, State of Michigan.

4. Defendant Light & Wonder is a foreign profit corporation conducting business in the County of Oakland, State of Michigan.

5. Defendant Light and Wonder International, Inc., is a foreign profit corporation conducting business in the County of Oakland, State of Michigan.

6. Jurisdiction is proper because the amount in controversy exceeds this Court's jurisdictional limit, not including costs, interests, and attorney fees.

## FACTUAL ALLEGATIONS

7. Plaintiff, by reference, incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

8. Plaintiff Amormino began working for Defendant Light & Wonder in May of 2022.

2

9. Plaintiff Amormino worked full time at the Farmington Hills location of 22630 Haggerty Rd, Suite 100 Farmington Hills, MI 4335.

10. Defendant Light & Wonder is engaged in providing gambling division products and services, including but not limited to, slot machines, table games, and casino management systems.

11. Defendant is a publicly traded company subject to the provisions of the Sarbanes-Oxley Act of 2022 ("the Sarbanes-Oxley Act"), 18 USC 1514 *et seq*.

12. Plaintiff Amormino was employed with Defendant Light & Wonder as the Head of Casino Studio for North America.

13. Plaintiff's responsibilities included generating reports on the company's budget and capital assets.

14. A capital asset report is used to document a company's capital gains and losses from investments.

15. On July 9, 2024, Defendant Light & Wonder's Vice President of Operations, Dror Damchinsky, requested that Plaintiff alter the budget tracking file.

16. Plaintiff did not comply and stated that the request was illegal because the numbers would be fraudulent and inaccurate.

17. On July 24, 2024, Dror Damchinsky approached Plaintiff and inquired about how they were going to reach their goal, Plaintiff informed him that they "can't just put numbers where we want."

3

18. On July 31, 2024, Dror Damchinsky approached Plaintiff and requested that he generate different numbers for the company's capital asset reports, thereby attempting to present a false picture of the company's financial condition.

19. On July 31, 2024, Plaintiff informed Dror Damchinsky that what he requested was illegal because the numbers being reported to the government would be inaccurate and fraudulent, and he refused to comply with the request.

20. Plaintiff reasonably believed that such manipulation constituted a violation of public policy, including but not limited to provisions governed by the Sarbanes-Oxley Act.

21. Dror Damchinsky stated to Plaintiff that he would just find someone else to do it.

22. On July 31, 2024, Plaintiff refused to comply with the unlawful instruction and complained to Vickie Huber, Head of Accounting, and Melissa Sly, Office Manager, about Dror Damchinsky's request to generate different numbers for the capital asset reports.

23. On July 31, 2021, the Head of Accounting, Vickie Huber, agreed with Plaintiff that Dror Damchinsky's request was illegal and unethical.

24. On August 2, 2024, an employee, Melissa Sly, filed a complaint with Human Resources ("HR") regarding Mr. Damchinsky's illegal request to fraudulently generate different numbers for the company's capital assets.

25. On August 5, 2024, Plaintiff was contacted by corporate investigators, Defendant Light & Wonder's Vice President, Rick Maxwell, and Matthew Moon, Director of

4

Corporate Compliance and Security, to schedule a meeting regarding Melissa Sly's complaint of Mr. Damchinsky's illegal request.

26. On August 6, 2024, Plaintiff had a meeting with Rick Maxwell and Matthew Moon regarding Mr. Damchinsky's illegal request to falsify capital asset reports, wherein Plaintiff and Melissa Sly's complaint was disregarded.

27. On August 7, 2024, Plaintiff's mid-year review was canceled for August 9, 2024.

28. On August 12, 2024, Plaintiff filed a complaint with OSHA.

29. On August 12, 2024, Plaintiff was informed by Daniel O'Donoghue that he was placed on administrative leave.

30. On August 16, 2024, Plaintiff's employment was wrongfully terminated and retaliated against for making a complaint and participating in an investigation with OSHA, making a complaint to HR regarding fraudulent capital asset reports, and refusing to engage and violate public policy.

31. Upon information and belief, Plaintiff Amormino was suspended and terminated because he participated in an OSHA investigation, made an OSHA complaint, made a complaint to HR regarding fraudulent capital asset reports, and refused to violate public policy.

32. Amormino's illegal termination is in violation of Michigan's Whistleblower's Protection Act and the Elliott-Larsen Civil Rights Act.

5

33. As a result of Defendant's actions and/or inactions, Plaintiff has suffered and will continue to suffer harm, including but not limited to:

    a. Stress;
    b. Humiliation;
    c. Emotional Damages;
    d. Non-economic Damages;
    e. Exemplary Damages;
    f. Economic Damages; and
    g. All other injuries to be discovered throughout discovery.

### COUNT I – WRONGFUL TERMINATION IN VIOLATION OF THE WHISTLEBLOWER'S PROTECTION ACT

34. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

35. Plaintiff filed a complaint to OSHA about Defendants' falsifying capital asset documents.

36. Defendants suspended and fired Plaintiff because of his reports and participation in an investigation of violations of law to OSHA, a public body.

37. The cause of Plaintiff's suspension and termination was due to his participation in an OSHA investigation and filing an OSHA complaint, which was intentional and in disregard for Plaintiff's constitutionally protected rights.

38. The retaliatory conduct of Defendants' and its agents is a violation of Michigan Whistleblower's Act, Mich. Comp Laws 15.362, Mich. State Ann 17.428(3).

6

39. As a direct and proximate result of the violation of Plaintiff's rights, Plaintiff has suffered irreparable injuries and damages including, but not limited to, loss of earnings and earning capacity, past and future lost earnings, mental and emotional distress, embarrassment, humiliation, anxiety, loss of ordinary pleasures of everyday life, and all other damages to be discovered through the course of litigation.

**COUNT II – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (PUBLIC POLICY TORT)**

40. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

41. During the course of his employment with Defendants, Plaintiff refused to acquiesce to violations of the law and circumvention of his job duties, as well as objected to illegal practices.

42. Light & Wonder is a publicly traded company that is regulated by the Sarbanes-Oxley Act of 2022 ("the Sarbanes-Oxley Act"), 18 USC 1519 *et seq*.

43. The Sarbanes-Oxley Act is a public policy that was enacted to prevent fraudulent accounting and financial practice at publicly traded companies.

44. Plaintiff refused to violate the Sarbanes-Oxley Act by refusing to falsify or manipulate capital asset reports when requested to do so on July 31, 2024.

45. Plaintiff refused to violate the following, including but not limited to:

7

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this article…"

18 U.S.C. §1519

46. On August 12, 2024, Plaintiff filed a complaint with OSHA to report Defendant's request for Plaintiff to violate the law.

47. On August 12, 2024, Plaintiff was placed on administrative leave by Defendant.

48. On August 16, 2024, Plaintiff was wrongfully terminated by Defendant.

49. Adverse employment actions, including suspension and termination, of employment were taken against Plaintiff for refusing to violate the Sarbanes-Oxley Act and subsequently filing an OSHA complaint for Defendant's illegal requests.

50. Plaintiff's discipline was carried out in retaliation for Plaintiff refusing to illegally change Defendants numbers on the capital asset report, violate the Sarbanes-Oxley Act, and reporting Defendant's illegal conduct to OSHA.

51. Plaintiff's suspension and termination was the direct and proximate result of Plaintiff's refusal to violate the Sarbanes-Oxley Act, and reporting Defendant's illegal conduct to OSHA.

52. Plaintiff's discipline violates the clearly established public policy of the State of Michigan, which states that an employer may not adversely alter an employee's

8

employment when the reason for termination was the disclosure of the violation of the law or refusal to violate the law.

53. The retaliatory conduct of Defendant and its agents is a violation of the Michigan Public Policy Act.

54. As a direct and proximate result of the violation of Plaintiff's rights, Plaintiff has suffered irreparable injuries and damages including, but not limited to, loss of earnings and earning capacity, past and future lost earnings, mental and emotional distress, embarrassment, humiliation, anxiety, loss of ordinary pleasures of everyday life, and all other damages to be discovered through the course of litigation.

55. Remedies provided under OSHA and MIOAHA are plainly inadequate. *Stegall v Resource Technology Corp*, ___NW3d___; 2024 Mich. LEXIS 1396, at *17 (July 22, 2024)

56. Remedies provided under the Sarbanes-Oxley Act are plainly inadequate. *Stegall v Resource Technology Corp*, ___NW3d___; 2024 Mich. LEXIS 1396, at *17 (July 22, 2024)

**WHEREFORE**, Plaintiff Antonio Amormino respectfully requests this Honorable Court enter a judgment against Defendants in such an amount as the trier of fact shall deem fair and just, together with interest, costs and attorney fees, and for such other

9

Case 2:24-cv-13009-JJCG-CI   ECF No. 1-1, PageID.22   Filed 11/13/24   Page 13 of 14

and further relief as this Honorable Court may deem appropriate in equity, fairness, and good conscience.

        Respectfully submitted,

/s/ *Nichole A. Omilion*
Nichole A. Omilion (P86380)
**MARKO LAW, PLLC**
220 W Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: nichole@markolaw.com

Dated: October 14, 2024

---

**PROOF OF SERVICE**

The Undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on October 14, 2024

☐ US Mail    ☐ Fax
☐ Hand Delivered    ☐ Overnight Carrier
☐ Certified Mail    ☒ E-File/E-Mail

Signature: /s/ Alalah Melendez

10

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

FILED  Received for Filing  Oakland County Clerk  10/14/2024 10:40 AM  2024-210324-CD

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ANTONIO AMORMINO,

    Plaintiff,

-V-

LNW GAMING, INC.
D/B/A LIGHT & WONDER,
LIGHT AND WONDER
INTERNATIONAL, INC.,
LIGHT & WONDER, INC.,

    Defendant.

Case No. 24-    -CD
Honorable JUDGE DANIEL P. O'BRIEN

---

NICHOLE OMILION (P86380)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
Phone: (313) 777-7529
Fax: (313) 470-2011
nichole@markolaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, ANTONIO AMORMINO, by and through his attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Nichole A. Omilion*
Nichole A. Omilion (P86380)
**MARKO LAW, PLLC**
220 W. Congress 4th Floor
Detroit, MI 48226
(313) 777-7529
(313) 470-2011 (fax)
Email: nichole@markolaw.com

Dated: October 14, 2024

1