UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANTONIO AMORMINO,

        Plaintiff,

v.

LNW GAMING, INC.
D/B/A LIGHT & WONDER,
LIGHT AND WONDER
INTERNATIONAL, INC.,
LIGHT & WONDER, INC.,

        Defendants.

CASE NO. 2:24-cv-13009-JJCG-CI

HON. JONATHAN J.C. GREY

MAGISTRATE JUDGE
CURTIS IVY, JR

Removal from:
Oakland County Circuit Court
Case No. 24-210324-CD
Hon. Daniel P. O'Brien

---

| MARKO LAW, PLLC | JACKSON LEWIS P.C. |
|---|---|
| Nichole A. Omilion (P86380) | Emily M. Petroski (P63336) |
| Jonathan R. Marko (P72450) | Linda L. Ryan (P67686) |
| 220 W. Congress, Fourth Floor | 2000 Town Center, Suite 1650 |
| Detroit, MI 48226 | Southfield, MI 48075 |
| (313) 777-7529 | (248) 936-1900 |
| nichole@markolaw.com | emily.petroski@jacksonlewis.com |
| jon@markolaw.com | linda.ryan@jacksonlewis.com |
| Attorneys for Plaintiff | Attorneys for Defendants |

---

### DEFENDANT LNW GAMING, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT[1]

---

[1] Defendants Light and Wonder International, Inc. and Light & Wonder, Inc. ("Non-Employer Defendants") joined in a previously filed Motion to Dismiss. For the reasons set forth in that Motion, the Non-Employer Defendants maintain that they are not proper Defendants. In the event Plaintiff's claims are not dismissed in their entirety as to the Non-Employer Defendants, for the reasons set forth in their Motion, the Non-Employer Defendants joined in LNW Gaming, Inc.'s Motion to Dismiss, and likewise join in this Reply, and request that the Complaint be dismissed against them for the reasons set forth in this Motion and herein.

## <u>TABLE OF CONTENTS</u>

I.   A "Public Body" Under The WPA Does Not Include A Federal Agency.......2

II.  Temporal Proximity Is Irrelevant Where Plaintiff's Termination Occurred Before LNW Had Notice of His OSHA Complaint. .......................................3

III. Plaintiff's Public Policy Claim Is Preempted By SOX. .................................5

IV.  Where Plaintiff Contends That Another Employee Engaged in the Same or Similar Conduct, But Does Not Allege That Her Employment Was Terminated, His Claims Should Be Dismissed. ...............................................6

V.   Any Proposed Amendment Would Be Futile.................................................6

VI.  Conclusion .....................................................................................................7

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Ben P. Fyke & Sons, Inc. v. Gunter Co.*,
    213 N.W.2d 134 (Mich. 1973)....................................................................7

*Grimsley v. Am. Showa, Inc.*,
    No. 3:17-cv-24, 2017 U.S. Dist. Lexis 133350 (S.D. Ohio 2017) .......................4

*Lewandowski v. Nuclear Mgmt. Co.*
    724 N.W.2d 718 (Mich. App. 2006).......................................................3

*Nezwisky v. Borgwarner, Inc.*,
    No. 346346, 2020 Mich. App. LEXIS 2939 (Mich. App. Apr. 16,
    2020) ...............................................................................................5

*Parker v. Greenup Cty. Bd. Of Educ.*,
    2014 U.S. Dist. LEXIS 89822 (E.D. Ky. 2013) ...................................4

*People v. Hegedus*,
    443 N.W.2d 127 (Mich. 1989)............................................................3

*Schuessler v. Roman Catholic Diocese*,
    No. 331985, 2017 Mich. App. Lexis. 1012 (Mich. App. June 20,
    2017) ...............................................................................................6

*Silberstein v. Pro-Golf of Am., Inc.*,
    750 N.W.2d 615 (Mich. App. 2008).......................................................5

*Stegall v. Res. Tech. Corp.*,
    976 N.W.2d 667 (Mich. 2024).............................................................5

*Swartz v. Dow Chem Co.*
    326 N.W.2d 804 (Mich. 1982)............................................................2

*Wormsbacher v. Phiillip R. Seaver Title Co.*,
    772 N.W.2d 827 (Mich. App. 2009)....................................................7

**Statutes**

18 U.S.C.S. § 1514(B) ..........................................................................5, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................2

Contrary to Plaintiff's assertion in his Response that this case arose when Plaintiff "refused to violate the law…and was wrongfully terminated for following the law and for reporting [LNW's] attempt to force him to break the law" (ECF No. 8, PageID.298), LNW vehemently denies that Plaintiff has any viable legal claims against it, or that it otherwise violated any law or wrongfully terminated Plaintiff. Indeed, contrary to Plaintiff's allegations, Plaintiff was terminated for misconduct and otherwise engaging in behavior that violated LNW's policies, including its Code of Business Conduct and Non-Discrimination and Anti-Harassment Policy. More specifically, Plaintiff engaged in harassment, bullying and other unprofessional conduct, despite having been previously counseled in writing regarding his workplace conduct. Likewise, as confirmed by the documentation LNW received from OSHA, LNW was not aware that Plaintiff filed an OSHA complaint until several days after Plaintiff's termination.

Accordingly, Plaintiff's WPA claim remains subject to dismissal because Plaintiff's complaint to OSHA, a federal agency, did not constitute a report to a "public body" as that term is defined by the WPA. Likewise, Plaintiff has not pled, nor can he establish, causation where he has failed to plead that LNW had notice of his OSHA complaint prior to his termination, and where the OSHA complaint irrefutably establishes that the complaint was not received by LNW until after Plaintiff's termination. Likewise, Plaintiff's public policy claim remains subject to

dismissal because it is preempted by statute, where SOX contains both an exclusive enforcement procedure and an exhaustion requirement, and where Plaintiff's claim is likewise precluded by the WPA. Likewise, where, as here, Plaintiff alleges that another employee engaged in the same or similar protected conduct as him, but was not subjected to any adverse action, he cannot establish causation as a matter of law. Additionally, Plaintiff's deadline to amend his Complaint as of right has passed, and Plaintiff has not filed any motion to amend. Thus, Plaintiff's passing request to amend his Complaint in his Response is not properly before the Court.

Therefore, and for the reasons set forth in its Motion to Dismiss and herein, LNW requests that this Court dismiss Plaintiff's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and award LNW its costs and attorneys' fees incurred in defending against this action, and having to bring this Motion before the Court.

## I.       A "Public Body" Under The WPA Does Not Include A Federal Agency.

Plaintiff concedes that a viable claim under the WPA requires filing a complaint with a public body. Plaintiff, however, ignores the express language of the WPA and argues that his OSHA complaint was the "equivalent" of a complaint to the corresponding state agency, MIOSHA. In support of this contention, Plaintiff cites *Swartz v. Dow Chem Co*. 326 N.W.2d 804, 806 n.3 (Mich. 1982). This decision, however, did not address the WPA or the definition of a public body. The sole issue in *Schwartz* was whether allowing a letter to be read into evidence regarding MIOSHA violations issued against a nonparty was prejudicial hearsay. *Id*. at 805.

*People v. Hegedus*, 443 N.W.2d 127, 128 (Mich. 1989) is likewise irrelevant. The issue therein was whether criminal sanctions for violations of MIOSHA precluded the state from prosecuting the defendant for involuntary manslaughter resulting from a workplace accident. *Id*. In *Ernsting v. Ave Maria Coll*., 736 N.W.D. 574, 581 (Mich. App. 2007), the employee complained to the Department of Education, not to OSHA. *Id*. at 583. Thus, Plaintiff has failed to identify a single case holding that OSHA is a public body under the WPA. Accordingly, *Lewandowski v. Nuclear Mgmt. Co*. 724 N.W.2d 718 (Mich. App. 2006), which held an independent federal regulatory agency does not constitute a "law enforcement agency" should guide this Court's decision. Because Plaintiff's complaint to OSHA does not constitute a complaint to a public body, he failed to plead he engaged in protected activity as required by the WPA, and his Complaint should be dismissed.

## II. Temporal Proximity Is Irrelevant Where Plaintiff's Termination Occurred Before LNW Had Notice of His OSHA Complaint.

Plaintiff does not dispute that in order to survive LNW's Motion to Dismiss, he must adequately plead causation. Rather, Plaintiff argues that temporal proximately alone is sufficient to meet the causation standard when it's sufficiently close to the alleged adverse action. (ECF No. 8, PageID.304)(citing *Parker v. Greenup Cty. Bd. Of Educ*., 2014 U.S. Dist. LEXIS 89822 *22 (E.D. Ky. 2013). However, in doing so, Plaintiff neglects the fact that temporal proximity to alleged protected activity can have no bearing on a termination that occurred before the

defendant had knowledge of the protected activity. Indeed, *Parker* held where the plaintiff's supervisor had been contacted by the EEOC *prior* to the adverse action, and had knowledge of his compliant, temporal proximity *plus* this additional fact met the causation requirement. Likewise, in *Grimsley v. Am. Showa, Inc.*, No. 3:17-cv-24, 2017 U.S. Dist. Lexis 133350 (S.D. Ohio 2017), a Title VII case, the plaintiff complained to his *internal supervisor* and was terminated one week later. Thus, the employer's *knowledge* of the plaintiff's complaint, *plus* proximity allowed the plaintiff to survive a motion to dismiss. *Id.* at *15-16, quoting *Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 525(6th Cir. 2009)("Where an adverse employment action occurs very close in time ***after an employer learns of a protected activity***, such…proximity is enough to constitute evidence of a causal connection for purposes of satisfying a prima facie case of retaliation." Emphasis added.) Where, as here, the adverse action irrefutably occurred before LNW had notice of Plaintiff's OSHA complaint, the proximity of time is wholly irrelevant.

> [a]s a matter of basic logic, and as the case law confirms, there can be no causal connection between protected activity and an adverse employment action unless the decisionmaker who took the complained-of adverse action…had knowledge of the employee's protected activity. In *Kaufman & Payton, P.C. v. Nikkila,* 503 N.W.2d 728, 732 (Mich. App. 1993), for example, the Michigan Court of Appeals held that an employer cannot be held liable for a claim of retaliation under the WPA unless the employer has "objective notice of a report…by the whistleblower." Consistent with this ruling, a number of courts, including this one, have emphasized that the "causal connection" element of a *prima facie* case of retaliation requires evidence that "the relevant decision-maker…ha[d] actual knowledge of the [plaintiff's] protected activity before making the

[challenged] decision." *Burns,* 605 F. App'x at 527; *see also Thomas,* 2013 WL 5372812, at *5; *Pethers,* 2010 U.S. Dist. Lexis 76776, at *8; *Jennings,* 475 F. Supp.2d at 713; *Carruthers v. Isringhausen, Inc.,* No. 296250, 2011 WL 1901884, at *3 & n.2 (Mich. Ct. App. May 19, 2011). Campbell v G4S, Case No. 13-14399 (August 18, 2015).[2]

Because Plaintiff cannot establish causation, his WPA claim should be dismissed.

## III.   Plaintiff's Public Policy Claim Is Preempted By SOX.

Plaintiff claims that *Silberstein v. Pro-Golf of Am., Inc*., 750 N.W.2d 615, 619 (Mich. App. 2008) supports his position that his public policy claim is not preempted by SOX. However, in *Silberstein*, the defendant never argued that SOX, and the enforcement thereof through OSHA, contains adequate remedies sufficient to preempt public policy claims. Moreover, in *Nezwisky v. Borgwarner, Inc*., No. 346346, 2020 Mich. App. LEXIS 2939 (Mich. App. Apr. 16, 2020), which Plaintiff ignores, the Michigan Court of Appeals rejected this very argument. *Id.* at *5. Plaintiff also argues that *Stegall v. Res. Tech. Corp*., 976 N.W.2d 667 (Mich. 2024) renders his public policy claim viable. The *Stegall* case, however, discussed the 30-day provisions within OSHA, and held that the remedies provided by OSHA/MIOSHA were "plainly inadequate," because the employee has only 30 days to file a complaint; OSHA didn't provide an employee with a private cause of action; and OSHA had sole discretion whether to pursue a claim. *Id.* at 671. SOX, in contrast, has a robust process by which Plaintiff can file a civil action. 18 U.S.C.S.

---

[2] Unpublished decisions attached as Exhibit 1.

§ 1514(B). More specifically, SOX provides that the claimant may bring "an action at law or equity…in the appropriate district court…which shall have jurisdiction over such an action..." *Id*. Moreover, Plaintiff did not address the other decisions LNW cited in support of its argument that his public policy claim is preempted by SOX, and which provide sufficient support to dismiss his WPA claim as preempted.

**IV.   Where Plaintiff Contends That Another Employee Engaged in the Same or Similar Conduct, But Does Not Allege That Her Employment Was Terminated, His Claims Should Be Dismissed.**

Plaintiff ignores that the Michigan Court of Appeals has already held that in circumstances where others engage in the same or similar conduct, but do not suffer an adverse action, a plaintiff cannot establish causation. *Schuessler v. Roman Catholic Diocese*, No. 331985, 2017 Mich. App. Lexis. 1012, *7 (Mich. App. June 20, 2017). Rather, Plaintiff argues that because this employee did not make a complaint to OSHA, his claims should survive dismissal. In doing so, Plaintiff ignores that LNW irrefutably had no knowledge of his OSHA complaint before he was terminated. Moreover, Plaintiff ignores that it was this other employee, not Plaintiff, who he claims actually made an internal HR complaint. Those facts alone destroy causation under the holding in *Schuessler*.

**V.   Any Proposed Amendment Would Be Futile.**

Although this Court should not entertain Plaintiff's improper request to amend his Complaint where the deadline to amend as of right has passed, and where there

is no motion before the Court, any proposed amendment should also be denied as futile. *Ben P. Fyke & Sons, Inc. v. Gunter Co.*, 213 N.W.2d 134 (Mich. 1973). An amendment is futile where, ignoring the substantive merits of the claim, the amended pleading is legally insufficient on its face. *Wormsbacher v. Phiillip R. Seaver Title Co.*, 772 N.W.2d 827 (Mich. App. 2009) (amendments that are "futile" include those that are "legally insufficient" and should not be granted and would remain futile even if amended). Here, no factual development of Plaintiff's claims could survive a motion to dismiss where Plaintiff cannot plead, much less establish he engaged in protected activity; or that his alleged protected activity was the cause of his termination, where others who participated in the same or similar activity suffered no adverse action; and where his public policy claim is preempted by SOX.

## VI.   Conclusion

Wherefore, Defendant LNW respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint, dismiss Plaintiff's Complaint in its entirety with prejudice, and award LNW its costs and attorneys' fees incurred in defending against this action, and having to bring this Motion before the Court.

JACKSON LEWIS P.C.

/s/ Emily M. Petroski
Emily M. Petroski (P63336)
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
emily.petroski@jacksonlewis.com

Dated: December 23, 2024          Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

On this day December 23, 2024, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

<u>*/s/ Emily M. Petroski*</u>
Emily M. Petroski (P63336)

4912-9519-1561, v. 1